**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NICOLAY ROMANOVICH VASILCHUK,<br><br>        Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>        Respondent. | No. 08-74823<br><br>Agency No. A076-076-428<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Nicolay Romanovich Vasilchuk, a native and citizen of Moldova, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we dismiss in part and deny in part the petition for review.

Substantial evidence supports the IJ's finding that the discrimination Vasilchuk suffered in Soviet Moldova and later in Transnistria, did not rise to the level of persecution.  *See Nagoulko v. INS*, 333 F.3d 1012, 1016-17 (9th Cir. 2003) ("two occasions where [petitioner] was 'pushed' while attending church services interrupted by government officials does not compare to the severity of physical abuse that in other cases we have deemed persuasive to show persecution").

Substantial evidence also supports the IJ's finding that Vasilchuk did not establish a well-founded fear of future persecution based on his Pentecostal religion.  *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002) ("[T]he IJ and the BIA are entitled to rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated that there is good reason to fear future persecution.").  We lack jurisdiction to review Vasilchuk's claim based on incidents related to his family's emigration to the United States because he did not raise it before the BIA.  *See Velasco-Cervantes v. Holder*, 593 F.3d 975, 978 n.3 (9th Cir. 2010).  Accordingly, Vasilchuk's asylum claim fails.

08-74823

Because Vasilchuk did not establish eligibility for asylum, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence supports the IJ's denial of Vasilchuk's claim for CAT relief because he failed to show it is more likely than not he will be tortured if returned to Transnistria. *See Wakkary v. Holder*, 558 F.3d 1049, 1067-68 (9th Cir. 2009).

**PETITION FOR REVIEW DENIED, in part; DISMISSED, in part.**